IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANTOS ROBLES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LVNV FUNDING, LLC, )<br>)<br>Defendant. ) | FILED: JULY 30, 2008<br>08CV4327<br>JUDGE DARRAH<br>MAGISTRATE JUDGE MASON<br><br>PH |

## COMPLAINT

### INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant LVNV Funding, LLC ("LVNV"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The Illinois Collection Agency Act reflects a determination that "[t]he practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes.... It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

4. Specifically, plaintiff complains that debt buyer LVNV Funding, LLC

1

prosecuted fraudulent collection litigation against him in the Illinois state courts, and obtained a fraudulent judgment without service of process. Plaintiff was required to vacate the judgment and secure the dismissal of the fraudulent lawsuit.

## VENUE AND JURISDICTION

5. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

6. Venue and personal jurisdiction in this District are proper because defendant does business within this District.

## PARTIES

7. Plaintiff is a resident of Chicago, Illinois.

8. Defendant LVNV is a limited liability company organized under Delaware law that does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

9. Defendant LVNV is engaged in the business of purchasing or claiming to purchase charged-off consumer debts and attempting to collect them.

10. Defendant LVNV stated on a Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

11. Defendant LVNV pays an average of less than 10 cents on the dollar for the charged-off debts it claims to purchase.

12. LVNV has been the plaintiff in thousands of collection lawsuits filed in Illinois courts, of which more than 1,000 have been filed or pending since January 1, 2008.

13. Defendant LVNV is a debt collector as defined in the FDCPA.

14. Since January 1, 2008, LVNV has also been a "collection agency" subject to the Illinois Collection Agency Act ("ICAA").

15. The ICAA was amended effective January 1, 2008 to define debt buyers as "collection agencies."

16. Section 425/3(d), as amended effective January 1, 2008, brings debt buyers within its purview by providing that "[a] person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it ... [b]uys accounts, bills or other indebtedness and engages in collecting the same."

17. Previously coverage was limited to a person who "[b]uys accounts, bills or other indebtedness with recourse and engages in collecting the same."

18. By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

19. LVNV Funding, LLC has never had a license under the ICAA.

## FACTS

20. In April 2008, plaintiff Santos Robles discovered a purported judgment on his credit report, supposedly entered in favor of LVNV Funding, LLC.

21. Plaintiff Santos Robles had never been served with process in any such lawsuit.

22. Upon investigation, plaintiff Santos Robles determined that (a) on December 24, 2007, a lawsuit was filed against him by LVNV Funding, LLC, Case Number 2007-M1-255602, and (b) that LVNV Funding, LLC had the court enter an ex parte default judgment in the amount of $1453.29 against Santos Robles on April 1, 2008.

23. Upon discovering these facts, plaintiff Santos Robles filed a motion to vacate the judgment on April 23, 2008, and retained counsel to represent him, incurring attorney's fees and expenses.

24. The judgment was vacated and Mr. Robles agreed to appear without having been served.

25. The lawsuit was set for trial on July 8, 2008.

26. On the trial date, LVNV dismissed the lawsuit.

27. The complaint in the lawsuit is attached as Appendix A.

28. The complaint alleges that Mr. Robles applied for a credit card account with a company called NCO Portfolio Management.

29. Plaintiff Santos Robles has never applied for a credit card or any other sort of credit with NCO Portfolio Management.

30. On information and belief, NCO Portfolio Management is a company engaged in the business of buying charged-off debts and has never extended credit to anyone.

31. LVNV Funding, LLC knew or should have known that the statements that Mr. Robles had applied for a credit card account with NCO Portfolio Management or owed money on such an account were false.

32. On information and belief, either the purported debt was never owed by Mr. Robles, or it was so old as to be time-barred.

33. Mr. Robles has suffered actual damages from the foregoing conduct.

### COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff incorporates paragraphs 1-33.

35. Defendant LVNV Funding, LLC violated the FDCPA, 15 U.S.C. §§1692e, 1692e(2), 1692e(10), and 1692f by:

    a. Misrepresenting that Mr. Robles had applied for a credit card account with NCO Portfolio Management;

    b. Misrepresenting that Mr. Robles owed money on such an account;

    c. Requesting and obtaining a default judgment without having served Mr. Robles;

   d.  Pursuing a lawsuit against Mr. Robles that LVNV Funding, LLC was barred from pursuing because it did not have a collection agency license.

36. Section 1692e provides:

> **§ 1692e.**  **False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:** . . .
>
>   (2) The false representation of--
>
>     (A) the character, amount, or legal status of any debt; . . .
>
>   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

37. Section 1692f provides:

> **§ 1692f.**  **Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.** . . .

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

   (1) Statutory damages;

   (2) Actual damages;

   (3) Attorney's fees, litigation expenses and costs of suit;

   (4) Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

38. Plaintiff incorporates paragraphs 1-33.

39. Defendant is a "collection agency" as defined in the ICAA.

40. Section 4 of the ICAA, 225 ILCS 425/4, makes it unlawful for LVNV to file collection lawsuits in Illinois without a collection agency license. Section 4 provides:

> **Sec. 4. No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.**

41. To file a collection lawsuit is to "exercise the right to collect...." Filing 100 collection lawsuits is to "engage in the business of collecting." The ICAA expressly regulates litigation by "collection agencies." ICAA §§8a-1, 225 ILCS 425/8a-1; and 8b, 225 ILCS 425/8b.

42. Sections 14 and 14b of the ICAA, 225 ILCS 425/14 and 14b, make it a crime to engage in the business of a collection agency without a license. (It is a Class A misdemeanor for the first offense and a felony for subsequent offenses.)

43. Section 14a, 225 ILCS 425/14a, provides:

> Sec. 14a. The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be

> served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.

44. LVNV violated the ICAA by engaging in the business of a collection agency after January 1, 2008 without a license, including by filing suit against Mr. Robles and others.

45. LVNV negligently or knowingly violated the following provisions of 225 ILCS 425/9:

> . . .(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .

46. A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

47. Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    a.    Compensatory, punitive and nominal damages, as appropriate;

    b.    Costs;

    c.    Such other and further relief as is appropriate.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800

Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

```
08CV4327
JUDGE DARRAH
MAGISTRATE JUDGE MASON

PH
```

# APPENDIX A

MUNICIPAL DEPARTMENT, FIRST DISTRICT

LVNV Funding, LLC Assignee of
NCO PORTFOLIO MANAG

    Plaintiff,

v.

SANTOS ROBLES
    Defendant(s),

No. 07M1 255602

Amount Claimed: $1,453.29

Return Date: FEBRUARY 7, 2007

COMPLAINT

Now comes Plaintiff, LVNV FUNDING, LLC, by and through its attorneys, Weltman, Weinberg & Reis Co., L.P.A., and Complains of the Defendant(s), SANTOS ROBLES as follows:

1. Plaintiff, LVNV Funding, LLC ("Plaintiff") is a South Carolina corporation authorized to transact business in the State of Illinois.

2. Defendant(s), SANTOS ROBLES, ("Defendant") is a resident of the State of Illinois, residing in the County of Cook.

3. The Defendant applied for a credit card account with NCO PORTFOLIO MANAG.

4. That Plaintiff purchased certain assets from NCO PORTFOLIO MANAG, including but not limited to Mastercard and Visa credit card accounts.

5. Said purchase included all of the rights, title and interest in those accounts and included the right to collect all principal, interest and other proceeds of those accounts.

6. By use of the account, the Defendant became bound by the terms and conditions contained in the Cardholder Agreement. A true and correct copy of the Statement is attached hereto and incorporated herein as Exhibit "A".

7. Defendant made various purchases and/or cash advances on said Account and failed to pay for the same.

8.  Plaintiff has exercised its rights pursuant to the terms and conditions of said Agreement to accelerate the time for payment of the entire balance due and owing by Defendant to Plaintiff.

9.  The amount now due and owing is $1,453.29.

10. Although demand has been made upon Defendant to liquidate the balance due and owing, the Defendant has failed or refused to do so.

WHEREFORE, Plaintiff prays for Judgment against the Defendant, SANTOS ROBLES, in the principal sum of $1,453.29, plus lawful interest and court costs.

BY: _____
Attorney for Plaintiff

WELTMAN, WEINBERG & REIS CO., L.P.A.
180 N. LaSalle Street, Suite 2400
Chicago, Illinois 60601
312–782-9676
Fax: 312-782-4201
CHIATTY@WELTMAN.COM
Atty. No. 31495
MM INITIAL:JYN

This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose.

Greenville, SC 29601

Current Owner: LVNV FUNDING LLC
Original Creditor :
Previous Owner: NCO PORTFOLIO MANAG
Statement Closing Date: 7/30/2007

SANTOS ROBLES


| Account Number    |    | 2082    |
|-------------------|----|---------|
| Purchase Balance  | $  | 1291.26 |
| Payments          | $  | 0       |
| Credit Adjustments| $  |         |
| Finance Charges   | $  | 154.6   |
| **New Balance**   | $  | 1445.86 |

**TRANSACTIONS**

| Transaction Date | Description | Amount |
|---|---|---|

## This Statement is not an original.

*This statement has been generated on behalf of LVNV Funding LLC, account owner*

6182177